MODEL HEATING COMPANY, a corporation of the State of Pennsylvania *vs.* THOMAS F. MAGARITY.

*Foreign Corporations—Right to do Business—Failure to Comply With Statute—Effect on Contracts—Special Plea—Demurrer.*

1. The right of a corporation to do business in a state or country other than in that of its creation rests upon comity.

2. The State has power to impose terms upon foreign corporations such as do not affect foreign or inter-state commerce as a condition precedent to the right to do business therein.

3. *Art. 5, Sec. 5 of the Constitution,* providing that "No foreign corporation shall do any business in this State through or by branch offices, agents or representatives, located in this State, without having an authorized agent or agents in the State upon whom legal process may be served," and a similar and further provision in *Chap. 395, Vol. 22, Laws of Delaware,* are valid exercise of power regulating the business of foreign corporations in the State.

4. Foreign corporations doing business in violation of constitutional or statutory provisions, imposing conditions under which they may engage in business in the State, cannot recover on contracts made in disregard of such provisions.

Del. case cited: *Beeber vs. Walton, et al, 7 Houst.* 471, followed:

Constitution cited: *Art. 9, Sec. 5.*

Statute cited: *Chap. 395, Vol. 22, Laws of Del.*

(*March 14, 1910.*)

PENNEWILL, C. J., and BOYCE and HASTINGS, J. J., sitting.

*Christopher L. Ward* for plaintiff.

*Artemas Smith* and *Alexander M. Daly* for defendant.

Superior Court, New Castle County, March Term, 1910.

ACTION OF ASSUMPSIT (No. 43, June Term, 1908).

General demurrer to special plea.

Demurrer overruled, and at the election of plaintiff final judgment entered.

Writ of error sued out of Supreme Court by plaintiff. See 2 Boyce.

BOYCE, J., delivering the opinion of the Court:

This was an action of assumpsit brought by the plaintiff against the defendant to recover the balance of the price for a certain heating apparatus alleged to have been installed by the plaintiff in the dwelling house of the defendant, at the special instance and request of the defendant. The plaintiff declared upon a special contract and on the common counts. The defendant, in avoidance of the action, pleaded, *inter alia*, that the said plaintiff is a foreign corporation, to-wit:—a corporation created by and existing under the laws of the State of Pennsylvania, and was, at the time that the said several supposed promises and undertakings in said declaration mentioned were made, and prior to the bringing of this suit, doing business in the State of Delaware through and by branch offices, agents or representatives, located in the State of Delaware, and that the said plaintiff had not, at or prior to the bringing of this suit, complied with the provisions of *Article* 9, *Section* 5 *of the Constitution of the State of Delaware*, to-wit:—"No foreign corporation shall do any business in this State through or by branch offices, agents or representatives, located in this State, without having an authorized agent or agents in the State upon whom legal process may be served." Nor has said plaintiff complied with the provisions of *Chapter* 395, *Volume* 22, *Laws of Delaware*, by filing in the office of the Secretary of State of this State, a certified copy of its Charter and the name or names of the authorized agent or agents in this State together with a sworn statement of the assets and liabilities of such corporation, and paid to the Secretary of State for the use of the State fifty dollars, nor had the Secretary of State delivered

to any agent or agents of said corporation located in this State his certificate, under his seal of office, of the filing of such charter. That the several supposed promises, etc. were made with the defendant by one, G. the agent in this State, of the said plaintiff.

To this plea, the plaintiff filed a general demurrer. The defendant accepted the issue tendered by a joinder in demurrer. The question presented, therefore, is the right of a foreign corporation to do business in this State through or by branch offices, agents or representatives, located in this State, and to maintain an action in the courts of this State upon a contract made in the course of such business, without first complying with the requirements of said *Article* 9, *Section* 5, *of the Constitution* and of said *Chapter* 395, *Volume* 22, *Laws of Delaware*.

The right of a corporation to do business in a State or county other than in that of its creation rests upon comity.

The Constitutional Convention and the General Assembly each possessed the power to impose such terms upon foreign corporations, as are contained in the said constitutional and statutory provisions, as. a condition precedent to the right of such corporation to do business in this State.

In *Fritts vs. Palmer*, 132 *U. S.* 282, the Court said: "There can be no doubt as to the validity of these constitutional and statutory provisions, so far, at least, as they do not directly affect foreign or interstate commerce."

It was contended that there is nothing in said provisions, or elsewhere in the laws of this State, which vitiates contracts made in violation of said provisions, or makes them unenforcible in the courts of this State. It being urged that where a statute prescribes the terms or conditions on which a foreign corporation may engage in business in this State, and makes a violation of the statute by such corporation, or by any of its agents, a misdemeanor, and imposes a penalty therefor, as provided by *Section* 6 of said *Act of Assembly*, but does not specifically declare contracts made in violation of the statute void, such contracts are not void; for the reason that the penalty imposed by the statute must be held to be exclusive of all others. And that the courts will

not enlarge the penalty by holding contracts made in violation of the statute void.   The decisions of the Courts upon this question are inharmonious, due in a measure to the varying character of the statutes in question.   The courts have taken opposite views as to the effect of such statutes upon contracts made by non-complying foreign corporations.   Some of the decisions, perhaps the greater number, have been influenced by the consideration that the statute imposes a distinct penalty upon the foreign corporation or upon its agents, or both, for doing business within the State in violation of the statutory regulations; and the courts have reasoned in such cases that it was the intention of the legislature that the penal sanction should afford the only remedy for the violation of the statute, and that it did not intend that a violation of the statute should operate to avoid contracts made before its conditions were complied with.   When the prohibiting statute also annexes a penalty, there is more room for doubt; but even in the latter case many courts take the view that the corporation will not be allowed to make its own violation of the law the ground of an action in the courts of the sovereignty whose law it has violated, so as to maintain an action upon the contract.

13 *Amer. & Eng. Ency. of Law* 875, 6; 19 *Cyc.* 1297.

Mr. Wharton says when a statute imposes a penalty not as a tax, but as a punishment, then a contract to do the thing on which the penalty is imposed is ordinarily unlawful, and so when an act is absolutely prohibited.   And when conditions in the exercise of a business are imposed in a statute for the maintenance of public order, or the protection of parties, or on grounds of public policy, the contracts by such persons, in violation of the statute, are void.

1 *Wharton on Contracts, Sec.* 365.

Whether the penalty imposed by the Act should be taken to be exclusive of all others and the said contract, made before complying with the said Act, should be held valid, as in some of the cases, or whether a failure to comply with the statute renders such contract voidable only, with the remedy thereon suspended

until the foreign corporation had complied with the statute, as held by other cases, are questions not open for consideration, in this Court. For, they were passed upon in the case of *Beeber vs. Walton, Whann & Co.*, 7 *Houst.* 471. This was an action in assumpsit, brought by the receiver of the Lycoming FireInsurance Company, a foreign corporation, for the recovery of assessments on certain premium notes given by the defendants to said insurance company, at a time, it was shown, when said insurance company was unlawfully transacting insurance business within this State in violation of a statute which provided, among other things that "no insurance company or corporation shall be engaged in, prosecute, or transact any insurance business within the limits of this State without having first obtained authority therefor, agreeably to the provisions of this Act," the said act providing that any violation of this provision shall be a misdemeanor punishable by fine and imprisonment. The Court held that "the said company, not being authorized to transact said insurance business in this State, the plaintiff cannot recover in this action, on the said premium notes any of the assessments sought to be recovered in this suit. The plaintiff was, as has been shown, expressly prohibited by said statute from engaging in prosecuting or transacting any insurance business within the limits of this State without having first obtained authority therefor agreeably to the provisions of said act. Having transacted the insurance business in clear violation of the prohibiting provisions of the said statute, the contract made in reference thereto is illegal and void, and consequently no action can be maintained upon said contract, or upon the said premium notes. And this is so notwithstanding the statute did not declare that a contract made contrary to the provisions of it should be void." This part of the decision determines the invalidity of such a contract.

It was also urged in that case, that by obtaining the commissioner's certificate of authority to do business, subsequently to the transaction in question, it rendered such transaction lawful. "The Court," it was said, "cannot sanction the plaintiff's interpretation of this Act and hold that a foreign insurance

corporation can transact insurance business in this State before it obtains the requisite authority, when the statute itself expressly forbids this, and then by subsequently obtaining the commissioner's certificate, render that lawful which the act had already made unlawful."

Our conclusion, based upon this case, is that upon the pleadings before us there can be no recovery upon the contract sued upon in this action, and we, therefore, overrule the demurrer.